**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN LEE HUNTSAKER, | ) | NO. CV 10-01980 GAF (SS) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DISMISSING** |
| J. MOLDENHAUR, Sheriff Deputy #3642, et al., | ) | **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | ) | |

On January 4, 2011, Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 against two employees of the Orange County Sheriff's Department (the "Complaint").[1] The defendants named in the Complaint are J. Moldenhaur,[2] Orange County Sheriff's Deputy #3642, and P. Perez, Orange

---

[1] Plaintiff initially lodged the Complaint in the Southern District of California, which transferred the case to the Central District.

[2] The Complaint is often very difficult to read due to the poor quality of the photocopy filed with the Court. For example, the spelling of defendant Moldenhaur's name is uncertain as it appears to be spelled alternatively as "Moldenhaur" or "Maldenhaur." Other portions of the Complaint are nearly entirely illegible.

County Sheriff's Deputy #0750. For the reasons stated below, the Complaint is dismissed with leave to amend.[3]

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## I.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff presents this action as raising a single claim, although, as further explained below, the number and scope of his claims is uncertain.[4] Plaintiff alleges that on the night of September 27, 2008, he fled from non-defendant Deputy Phelps to avoid being arrested

---

[3] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[4] It is equally unclear from the Complaint whether Plaintiff is currently incarcerated. Plaintiff appears to be residing at a private address that is not part of the California Department of Corrections, but elsewhere states that the acts described in the Complaint "occur[r]ed before my present incarceration." (Compare Complaint at 1 with id. at 6).

pursuant to an active warrant for his arrest. (Complaint at 3A). According to Plaintiff, when defendants Moldenhaur and Perez found him underneath a car, they immediately tased him, dragged him from underneath the vehicle, and, as he lay flat on his stomach, stomped on him and continued to tase him repeatedly. (Id.). Plaintiff further asserts that Deputy Moldenhaur jumped on him, driving his knee into Plaintiff's back, shoved Plaintiff's face into the asphalt, and struck Plaintiff multiple times in the face with his fist. (Id.). Plaintiff claims that these acts constituted excessive force under section 1983 and further violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Id. at 3). It appears that Plaintiff is also attempting to raise state law claims for assault, in violation of California Penal Code ("Penal Code") section 241;[5] battery, in violation of Penal Code section 242;[6] and the filing of a false report by a police officer, in violation of Penal Code section 118.1.[7] (Id. at 3A). With respect to his state law claims, Plaintiff asserts that he filed "a timely county claim in [2008] and a timely state [illegible] in March of [2008]." (Id.).

---

[5] "Assault" is defined under the Penal Code as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240.

[6] "Battery" is defined under the Penal Code as "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242.

[7] Penal Code section 118.1 provides that any peace officer who "knowingly and intentionally" makes "any statement regarding any material matter" in a report filed with the agency that the officer "knows to be false" is "guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years." Cal. Penal Code § 118.1.

3

Plaintiff seeks an injunction preventing defendants "from harassing [him] or causing [him] additional physical bodily harm"; compensatory damages in the amount of ten million dollars ($10,000,000.00); punitive damages in the amount of ten million dollars ($10,000,000.00); and other relief in the form of "unspecified medical and future medical costs" due to Plaintiff's current ignorance regarding the "full extent" of his injuries. (Complaint at 7).

## II.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to multiple defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Plaintiff Fails To Comply With Rule 8**

The Complaint must be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

4

rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct."  To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial validity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability."  Id.

     The Complaint does not satisfy the meager pleading requirements of Rule 8.  Although Plaintiff utilizes the standard form for civil rights complaints, his claim(s) as currently alleged are vague and confusing.  For example, although it is fairly apparent that Plaintiff contends that defendants Moldenhaur and Perez violated his constitutional rights by using excessive force prior to his arrest, it is unclear whether he is also claiming that they are liable for false arrest, for violating his due process rights, or for violating some other constitutional right as well.  If Plaintiff is alleging other theories of liability beyond excessive force, they should be listed as separate claims.

5

     Rule 8 simply requires a short and plain statement of the factual allegations of Plaintiff's claims. It would be difficult, if not impossible, for Defendants to frame a responsive pleading given the current form of Plaintiff's Complaint. Therefore, the Complaint must be dismissed with leave to amend.

**B.**    <u>**The Allegations Regarding State Law Torts Fail To State A Claim**</u>

     At various points in the Complaint, it appears that Plaintiff is attempting to allege state tort claims. It is impossible, however, for the Court to glean exactly what the grounds for those claims are, both because there are insufficient factual allegations to support some of those claims and because the Complaint is illegible. For example, Plaintiff complains that he is making a claim for the filing of a false police report. However, there are not legible facts in the Complaint to support this claim, including whether it applies to one or both defendants. Furthermore, Plaintiff appears to assert his state claims as violations of California criminal law, not tort law. Finally, to the extent that Plaintiff is attempting to create a tort out of a violation of Penal Code section 118.1 for filing a false report, he should be aware that California Government Code section 821.6 expressly immunizes defendants from suit for such claims, providing that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6; <u>see also</u> <u>Willis v. City of Los Angeles</u>, 57 Fed. Appx. 283, 288 (9th Cir. 2002) (affirming grant of summary judgment on state claim filed with section 1983 complaint

6

because "police officers are immunized from suit [under California Government Code section 821.6] for filing false police reports and providing false statements pertinent to the charges . . . ."). In light of the confusion about the nature, scope and content of Plaintiff's purported state law claims, the Complaint must be dismissed with leave to amend.

Also, Plaintiff was required to comply with the claim presentation requirements of the California Tort Claims Act in order to pursue his personal injury claims against any defendants employed by a county government, but has failed to plead sufficient facts establishing compliance with those administrative requirements. Plaintiff may sue county defendants on the basis of acts or omissions in the scope of his or her employment. Cal. Gov't Code §§ 950.2, 950.6; Briggs v. Lawrence, 230 Cal. App. 3d 605, 613, 281 Cal. Rptr. 578 (1991). A civil complaint that is subject to the claim presentation requirement, however, must affirmatively allege facts establishing compliance with the requirement or showing the applicability of a recognized exception or excuse for noncompliance. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534 (2004).

Here, Plaintiff baldly asserts a legal conclusion without any supporting facts simply by claiming that he filed "a timely county claim in [2008] and a timely state [illegible] in March of [2008]." (Complaint at 3A). Plaintiff does not describe the scope of the claims he presented, identify the governmental agency to which the claims were submitted and when, or report what action was taken by the agency in response to those claims. As Plaintiff has not pled facts demonstrating

compliance with the California Tort Claims Act requirements, his Complaint must be dismissed with leave to amend.

### III.
### CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. The caption shall include all parties that Plaintiff is suing. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims, but must also not attempt to assert claims without providing some factual support. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits

or other extraneous documents are not necessary for Plaintiff to include with his complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.

DATED: February 16, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE